CV 17 -      1776

*LAW OFFICES OF CIVARDI & OBIOL, P.C.*
*Attorneys for Plaintiffs*
*23 South Main Street, Suite 30*
*Freeport, New York 11520*
*(516) 678-9797*

WEXLER, J.

SHIELDS, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

JOSE MIGUEL RODRIGUEZ,

                              Plaintiff,                                    COMPLAINT

            -against-                                                       Docket #:

COUNTY OF NASSAU, NASSAU COUNTY
CORRECTIONAL CENTER, NASSAU COUNTY
SHERIFF MICHAEL J. SPOSATO, NASSAU COUNTY
SHERIFF'S DEPARTMENT, NASSAU COUNTY SHERIFF'S
DEPUTIES WHOSE NAMES ARE CURRENTLY UNKNOWN,
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES
and NASSAU COUNTY CORRECTION OFFICERS WHOSE
NAMES ARE CURRENTLY UNKNOWN, INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITIES.

                              Defendants,
-------------------------------------------------------------------------------X

        Plaintiff, JOSE MIGUEL RODRIGUEZ as and for his Complaint, by his attorneys, LAW

OFFICES OF CIVARDI & OBIOL, P.C., respectfully alleges as follows:

## INTRODUCTION

        1.      Plaintiff brings this action to redress violations by defendants of plaintiff's rights

under the Constitutional Laws and of the United States of America and the State of New York.

        2.      This is an action pursuant to 42 USC §1983 to redress the deprivation under the color

of statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured to

JOSE MIGUEL RODRIGUEZ by the Fourth, Eigth and Fourteenth Amendments to the Constitution

1

of the United States; including but not limited to by the rights to:

    a)    Freedom from unreasonable seizure;

    b)    Freedom from excessive force and physical abuse;

    c)    Freedom from cruel and unusual punishment;

and for redress of violations of the laws and common law of the United States of America, and the laws and common law of the State of New York including claims for assault, battery, and negligence.

## PARTIES, JURISDICTION and VENUE

3.     Plaintiff, JOSE MIGUEL RODRIGUEZ, is a legal resident who resides at 1641 Fletcher Avenue, Freeport, New York 11520.

4.     At all times hereinafter mentioned, defendant COUNTY OF NASSAU was and is a municipal corporation and a County within the State of New York.

5.     At all times hereinafter mentioned defendant, NASSAU COUNTY CORRECTIONAL CENTER, was and is a department of, and maintained by defendant, COUNTY OF NASSAU.

6.     At all times hereinafter mentioned, SHERIFF MICHAEL J. SPOSATO was the Sheriff of Nassau County, acting under color of state law.

7.     At all times hereinafter mentioned NASSAU COUNTY SHERIFF'S DEPARTMENT was and still is a Department of the COUNTY OF NASSAU charged with providing a safe and secure environment for detainees in custody.

8.     At all times hereinafter mentioned NASSAU COUNTY SHERIFF'S DEPUTIES WHOSE NAMES ARE CURRENTY UNKNOWN (DEPUTIES) are agents, servants, and employees of Defendants COUNTY OF NASSAU and NASSAU COUNTY SHERIFF'S

2

DEPARTMENT and are sued both individually and in their official capacities.

9.    At all times hereinafter mentioned, NASSAU COUNTY CORRECTION OFFICERS WHOSE NAMES ARE CURRENTLY UNKNOWN (OFFICERS) are agents, servants, and employees of Defendants COUNTY OF NASSAU and NASSAU COUNTY CORRECTIONAL CENTER and are sued both individually and in their official capacities.

10.    At all times hereinafter mentioned the aforementioned DEPUTIES were acting under the color of State Law.

11.    At all times hereinafter mentioned the aforementioned DEPUTIES were acting in their official capacities.

12.    At all times hereinafter mentioned the aforementioned DEPUTIES were acting within the scope of their employment.

13.    At all times hereinafter mentioned the aforementioned OFFICERS were acting under the color of State Law and in their official capacities.

14.    At all times hereinafter mentioned the aforementioned OFFICERS were acting in their official capacities.

15.    At all times hereinafter mentioned the aforementioned OFFICERS were acting within the scope of their employment.

16.    At all times hereinafter mentioned, Defendants NASSAU COUNTY CORRECTIONAL CENTER, DEPUTIES, and OFFICERS were under the command of Defendant NASSAU COUNTY SHERIFF MICHAEL J. SPOSATO.

17.    That jurisdiction is conferred on this Court pursuant to 28 U.S.C. §1331 which confers original jurisdiction upon the District Courts in all civil actions arising under the

3

Constitution, laws or treaties of the United States; §1343, which confers original jurisdiction upon the District Courts in all civil actions to redress the deprivation under color of any State law, statute, ordinance, regulation, custom or usage of any right, privilege, or immunity secured by the Constitution of the United States; and 42 U.S.C. §1983 which confers original jurisdiction upon the District Courts in all civil actions brought for its enforcement.

18.     Plaintiff invokes the supplemental jurisdiction of this Court in connection with the pendent state claims pursuant to 28 USC §1367 as they form part of the same case and controversy presented in the Federal claims.

19.     That on or about December 13, 2017, and within 90 days of the occurrence, Notice of Claim pursuant to §50-e of the New York State General Municipal Law was served on the COUNTY OF NASSAU and the NASSAU COUNTY CORRECTIONAL CENTER naming those parties, their agents, servants, employees, contractors and medical providers.

20.     That on or about January 16, 2017, and within 90 days of the occurrence, amended Notice of Claim pursuant to §50-e of the New York State General Municipal Law was served on the COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF MICHAEL J. SPOSATO, AND THE NASSAU COUNTY SHERIFF'S DEPARTMENT naming those parties, their agents, servants, employees, contractors and medical providers.

21.     That more than thirty (30) days have elapsed since the service of the Notice of Claim and amended Notice of Claim, and adjustment or payment of plaintiff's claims has been neglected or refused.

22.     That a hearing pursuant to § 50-h of the General Municipal Law and Chapter 11 § 11-4.2 of the Nassau County Administrative Code was held on March 24, 2017.

23.     That less than one year and ninety days have elapsed since the happening of the events upon which these claims are based.

24.     That venue is properly laid, pursuant to 28 U.S.C. §1391, et seq. in the Eastern District of New York where the events and violations complained of occurred.

## FACTUAL BACKGROUND

25.     That on or about November 16, 2016, Plaintiff JOSE MIGUEL RODRIGUEZ was lodged at the NASSAU COUNTY CORRECTIONAL CENTER under the care and custody of NASSAU COUNTY SHERIFF MICHAEL J. SPOSATO and the NASSAU COUNTY SHERIFF'S DEPARTMENT.

26.     That on that date, the Defendants were made aware of Plaintiff's psychological condition of bipolar disorder.

27.     That on November 26, 2016, bail was posted for Plaintiff and the Nassau County District Court ordered his release from custody.

28.     That Plaintiff was confused and fearful of the DEPUTIES/OFFICERS who approached his cell, having been repeatedly taunted while in custody.

29.     That Defendants deployed their "SERT" team, consisting of several DEPUTIES/OFFICERS to perform a cell extraction of the Plaintiff from his cell by force.

30.     That Defendant DEPUTIES/OFFICERS were dressed in tactical gear, wearing protective clothing and helmets, and armed with Tasers, batons, a riot shield, mace, handcuffs, zip ties, a hood to place over the Plaintiff's head, and one or more flashbang grenades.

31.     That the DEPUTIES/OFFICERS opened the meal door of the Plaintiff's cell and threw a "flashbang grenade" or similar incendiary device into the cell with the Plaintiff.

5

32.     That the flashbang grenade did not immediately explode and several DEPUTIES/OFFICERS rushed into the cell.

33.     That the DEPUTIES/OFFICERS forced the plaintiff to the ground, forcing his left hand down on top of the flashbang grenade.

34.     That the flashbang grenade then exploded on the Plaintiff's left palm.

35.     That the Plaintiff suffered a through and through injury to his left hand, fracturing bones, severing tendons, tearing ligaments, and completely eviscerating the flesh from his palm, all the way through the back of his left hand.

36.     That with a large portion of Plaintiff's left hand missing, he was handcuffed behind his back in a restraint chair while in shock and profusely bleeding.

37.     That after some time passed, Plaintiff was transported to the Nassau University Medical Center by Nassau County Police Ambulance, but the crew was provided false information by the DEPUTIES/OFFICERS as to the nature of Plaintiff's injuries, complicating and delaying Plaintiff's medical care.

38.     That as a result of his injuries, Plaintiff has undergone multiple surgeries, has lost the use of his left hand, remains disabled, has suffered and continues to suffer severe pain, psychological anguish, permanent scarring and permanent disability.

## AS AND FOR A FIRST CLAIM FOR RELIEF FOR VIOLATION OF CONSTITUTIONAL RIGHTS – 42 USC §1983

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" inclusive with the same force and effect as if fully set forth at length herein.

40.     That the acts of the Defendants, were performed under color of state law as described

6

herein, constituting unreasonable seizure, excessive use of force and physical abuse, cruel and unusual punishment, and denial of proper medical care in violation of Plaintiff's Civil Rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States and under 42 U.S.C. §1983.

41.     That said acts were unlawful and performed without any justification in law whatsoever.

42.     That, as a direct and proximate result of the foregoing, plaintiff suffered serious injuries including:

        a)  Violation of his Constitutional Rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution as follows:

            1)  Unreasonable seizure;

            2)  Excessive force and physical abuse;

            3)  Cruel and unusual punishment; and

            4)  Denial of prompt and adequate medical attention;

        b)  Violations of the laws and common law of the United States of America, and the laws and common law of the State of New York including claims for:

            1)  assault;

            2)  battery; and

            3)  negligence;

        c)  Severe pain and suffering, extreme fear, emotional trauma.

43.     As a direct and proximate result of the aforesaid acts of the defendants, Plaintiff JOSE MIGUEL RODRIGUEZ suffered physical, psychological and economic injuries and damages that

will continue into the future, has undergone multiple surgeries, has lost the use of his left hand, remains disabled, has suffered and continues to suffer severe pain, psychological anguish, permanent scarring and permanent disability.

44. The acts of the Defendants violated clearly established and well settled Federal Constitutional Rights of the Plaintiff JOSE MIGUEL RODRIGUEZ.

45. By reason of the foregoing, Plaintiff has been damaged in the sum of TEN MILLION 00/100 DOLLARS ($10,000,000.00) in addition to punitive damages and attorneys' fees authorized pursuant to 42 USC §1988.

## AS AND FOR A SECOND CLAIM FOR RELIEF FOR VIOLATION OF CONSTITUTIONAL RIGHTS – 42 USC §1983 MONELL CLAIM

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" inclusive with the same force and effect as if fully set forth at length herein.

47. That prior to November 26, 2016, the COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF MICHAEL J. SPOSATO, AND THE NASSAU COUNTY SHERIFF'S DEPARTMENT developed and maintained policies, customs, and usages exhibiting deliberate indifference to the Constitutional Rights of the citizens of the State of New York who were in the custody of the NASSAU COUNTY CORRECTIONAL CENTER which precipitated the violations of Plaintiff JOSE MIGUEL RODRIGUEZ' Constitutional rights.

48. That the COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF MICHAEL J. SPOSATO, AND THE NASSAU COUNTY SHERIFF'S DEPARTMENT failed to properly train, update, and caution its DEPUTIES/OFFICERS in the proper and reasonable use of force.

8

49.     That it was the policy and/or custom and/or usage of the COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF MICHAEL J. SPOSATO, AND THE NASSAU COUNTY SHERIFF'S DEPARTMENT to inadequately and improperly investigate claims of injury and acts of negligence and/or misconduct and were instead tolerated by them.

50.     That it was the policy and/or custom and/or usage of the COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF MICHAEL J. SPOSATO, AND THE NASSAU COUNTY SHERIFF'S DEPARTMENT to indemnify and defend its deputies and officers, including indemnification for awards for punitive damages, without discipline all of which established the policy and custom of approving such conduct by giving the officers the unmistakable belief that such conduct was tolerated, approved, and accepted.

51.     It was the policy and/or custom and/or usage of the COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF MICHAEL J. SPOSATO, AND THE NASSAU COUNTY SHERIFF'S DEPARTMENT to inadequately supervise, discipline and train its officers, particularly but not limited to the proper use of force, including the defendant DEPUTIES/OFFICERS, thereby failing to adequately discourage further Constitutional violations on the part of its deputies, officers and employees.

52.     That the action of the Defendant DEPUTIES/OFFICERS resulted from and were taken pursuant to a *de facto* policy of the Defendants, COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF MICHAEL J. SPOSATO, AND THE NASSAU COUNTY SHERIFF'S DEPARTMENT to protect acts of misconduct on the part of its deputies and officers, to wit, the use of excessive force; failing to discipline; and failing to provide

9

prompt medical attention following serious and obvious injuries.

53.      That despite the knowledge of unconstitutional policies and practices, the supervisors making policy for the employees of the COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF MICHAEL J. SPOSATO, AND THE NASSAU COUNTY SHERIFF'S DEPARTMENT have not as a matter of policy taken steps to terminate said practices, have not disciplined or otherwise properly supervised the individual deputies and officers who engaged in said practices, have not effectively trained deputies and officers with regard to proper constitutional statutory limits on the exercise of their authority and/or failure to act following injury to detainees and have instead sanctioned the policies and practices described previously through their deliberate indifference to the effect of such policy and practices upon the Constitutional Rights of the Plaintiff herein and the residents and visitors to the COUNTY OF NASSAU, thereby authorizing and sanctioning such policies and practices.

54.      That it was the policy and/or custom and/or usage of the COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF MICHAEL J. SPOSATO, AND THE NASSAU COUNTY SHERIFF'S DEPARTMENT to allow the use of flashbang grenades on a single, unarmed detainee, alone in his assigned cell.

55.      That it was the policy and/or custom and/or usage of the COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF MICHAEL J. SPOSATO, AND THE NASSAU COUNTY SHERIFF'S DEPARTMENT to use force on a detainee known to be suffering from a psychological condition, simply to remove him from a cell.

56.      That there was a widespread custom or usage among subordinate officials that implied constructive acquiescence by the COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF MICHAEL J. SPOSATO, AND THE

NASSAU COUNTY SHERIFF'S DEPARTMENT.

57.     The defendants, COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL

CENTER, NASSAU COUNTY SHERIFF MICHAEL J. SPOSATO, AND THE NASSAU

COUNTY SHERIFF'S DEPARTMENT having sanctioned the causes of the violation of Plaintiff's

rights are liable to the Plaintiff for injuries pursuant to 42 U.S.C. §1983, and the Fourth, Eighth and

Fourteenth Amendments to the United States Constitution.

58.     By reason of the foregoing plaintiff has been damaged in a sum not to exceed TEN

MILLION 00/100 DOLLARS ($10,000,000.00) in addition to punitive damages and attorneys' fees

authorized pursuant to 42 USC §1988.

### AS AND FOR A THIRD CLAIM FOR RELIEF FOR ASSAULT

59.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs "1" through "58" inclusive with the same force and effect as if fully set forth at length

herein.

60.     That the Defendant DEPUTIES/OFFICERS intentionally placed the Plaintiff in

apprehension of imminent and offensive contact, thereby constituting an assault.

61.     That Defendants COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL

CENTER, NASSAU COUNTY SHERIFF MICHAEL J. SPOSATO, AND THE NASSAU

COUNTY SHERIFF'S DEPARTMENT are liable to the Plaintiff for the actions of their agents,

servants and employees pursuant to *Respondeat Superior* liability.

62.     That as a result, the Plaintiff has been damaged and seeks an amount which would

exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction in

addition to punitive damages.

## AS AND FOR A FOURTH CLAIM FOR BATTERY

63.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "62" inclusive with the same force and effect as if fully set forth at length herein.

64.     That the Defendant DEPUTIES/OFFICERS intentionally caused harmful and offensive contact to the Plaintiff, thereby constituting a battery.

65.     That Defendants COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF MICHAEL J. SPOSATO, AND THE NASSAU COUNTY SHERIFF'S DEPARTMENT are liable to the Plaintiff for the actions of their agents, servants and employees pursuant to *Respondeat Superior* liability.

66.     That as a result, the Plaintiff has been damaged and seeks an amount which would exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction in addition to punitive damages.

## AS AND FOR A FIFTH CLAIM FOR RELIEF FOR NEGLIGENCE, GROSS NEGLIGENCE AND RECKLESSNESS

67.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "66" inclusive with the same force and effect as if fully set forth at length herein.

68.     That Defendants were under a duty to provide safety, protection, and care for all detainees in their custody and more particularly the Plaintiff; to use the least amount of force possible; to provide prompt and adequate psychological and medical care; to make use of instrumentalities in their arsenal only when necessary and in a safe manner; to avoid injuring and/or maiming those in their care; to follow all applicable laws, ordinances, rules and regulations.

12

69.     That Defendants COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF MICHAEL J. SPOSATO, AND THE NASSAU COUNTY SHERIFF'S DEPARTMENT were under a duty of due care in the screening, hiring, training, discipline and retention of Defendant DEPUTIES/OFFICERS, and other employees of the municipal defendants.

70.     That Defendants COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF MICHAEL J. SPOSATO, AND THE NASSAU COUNTY SHERIFF'S DEPARTMENT are liable to the Plaintiff for the actions of their agents, servants and employees pursuant to *Respondeat Superior* liability.

71.     That the aforementioned acts of the Defendants are in breach of their respective duties, constituting negligence, gross negligence and recklessness.

72.     That as a result, the Plaintiff has been damaged and seeks an amount which would exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction in addition to punitive damages.

**WHEREFORE,** plaintiff demands judgment against the defendants as follows:

a)      In the sum of TEN MILLION 00/100 DOLLARS ($10,000,000.00) on the First Claim for Relief;

b)      In the sum of TEN MILLION 00/100 DOLLARS ($10,000,000.00) on the Second Claim for Relief;

c)      In an amount which would exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction on the Third Claim for Relief;

d)      In an amount which would exceed the jurisdictional limits of all lower courts which

13

would otherwise have jurisdiction on the Fourth Claim for Relief;

     e)      In an amount which would exceed the jurisdictional limits of all lower courts which

would otherwise have jurisdiction on the Fifth Claim for Relief;

     f)      Costs, disbursements, punitive damages and attorneys' fees pursuant to 42 U.S.C.

§1988.

Dated: Freeport, New York
       March 30, 2017

                                 Yours etc.,

                                 LAW OFFICES OF CIVARDI & OBIOL, P.C.
                                 Attorneys for Plaintiff

                                 By: _____
                                 Stephen Civardi, Esq.
                                 Freeport Legal Plaza
                                 23 South Main Street Suite 30
                                 Freeport, NY 11520
                                 (516) 678-9797